# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11365
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OREE ROBERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-112-1

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Oree Roberson appeals the above-guidelines sentence of 180 months imposed following his guilty plea conviction for distribution of a controlled substance. He argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on its finding that he possessed a firearm during the offense because the information in the Presentence Report (PSR) was insufficient to support a finding by a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preponderance of the evidence that he possessed a firearm.  He also challenges the adequacy of the district court's reasons for rejecting his request for a downward variance.

The PSR provided that a confidential source provided agents with Roberson's address and told agents that he distributed methamphetamine and heroin in the Fort Worth area, that he was a convicted felon, and that he was known to possess a firearm on his person or in his Honda Accord vehicle during drug transactions.  At the direction of the agents, the confidential source contacted Roberson to arrange for controlled purchases of methamphetamine. An undercover agent then made several controlled purchases from Roberson and observed that he drove a Honda Accord to or from the transactions, and he was later determined to be a felon, corroborating the source's information. After one of these purchases, the undercover agent felt a bulge protruding from the right side of Roberson's hip area, which he believed to be a firearm. Roberson did not show that the PSR lacked sufficient indicia of reliability or present any evidence to establish that the information in the PSR was "materially untrue." *See United States v. Nava*, 624 F.3d 226, 230-31 (5th Cir. 2010).  In view of the information obtained from the confidential source and the undercover agent, the district court's finding that Roberson possessed a firearm was plausible in light of the record as a whole.  *See United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016).

Next, Roberson asserts that the sentence is procedurally unreasonable because the district court did not give reasons for denying his nonfrivolous motion for a downward variance.  Because Roberson did not raise this specific argument in the district court, review is limited to plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  The district court considered the PSR, Roberson's motion, the Government's response, the

No. 17-11365

parties' arguments at sentencing, and Roberson's allocution. The court expressed concern about Roberson's criminal history, which began when he was 17 years old and included convictions for numerous drug offenses, unauthorized use of a motor vehicle, and assault with bodily injury to a family member; it also found that Roberson received light sentences for his previous convictions. The district court stated that a sentence within the advisory guidelines range would not adequately and appropriately address all of the18 U.S.C. § 3553(a) factors and that a sentence of 180 months of imprisonment would be appropriate. Although the district court did not give specific reasons for denying Roberson's motion, the district court's reasons overall were adequate. *See Rita v. United States*, 551 U.S. 338, 359 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). At the least, any error was not clear or obvious. Further, Roberson has not shown that any such error affected his substantial rights as he has not explained how the sentence might have differed had the district court provided a more detailed explanation for the sentence imposed. *See Mondragon-Santiago*, 564 F.3d at 365.

AFFIRMED.